**Order filed September 1, 2022.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-21-00700-CV

---

**IN RE D.S.W., Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**247th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2018-88778**

---

### ORDER

Relator D.S.W. filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Janice Berg, presiding judge of the 247th District Court of Harris County, to rule on his bill of review.

We previously notified relator as follows:

Relator's petition does not comply with the applicable Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 52.3(k)(1)(A) (providing that appendix must contain certified or sworn copy of any order complained of, or any other document showing the document complained of); Tex. R. App. P. 52.7(a)(1) (requiring relator to file with petition certified or sworn copy of every document that is material to relator's claim and that was filed in any underlying proceeding); Tex. R. App. P. 52.7(a)(2); (requiring relator to file with petition properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or statement that no testimony was adduced in connection with matter complained of); *see also* Tex. Civ. Prac. & Rem. Code § 132.001(e) (providing that unsworn declaration from inmate may be used in lieu of written sworn declaration, if it is made under penalty of perjury and includes inmate's name, date of birth, identifying number, and prison unit, and city, county, state, and zip code of prison unit).

However, we did not notify relator that the petition was subject to dismissal without further notice if the mandamus appendix and record were not corrected. *See In re Kholaif*, 624 S.W.3d 228, 231 (order), *mand. dism'd*, 615 S.W.3d 369 (Tex. App.—Houston [14th Dist.] 2020) (orig. proceeding); *see also* Tex. R. 52.3(k)(1)(A), 52.7(a)(1), 52.7(a)(2); Tex. Civ. Prac. & Crim. Code Ann. § 132.001.

Relator responded as follows:

### UNSWORN DECLARATION
### CAUSE# 14-21-00700-CV

My name is [D.S.W.], my date of birth is . . . , and my inmate identifying number is . . . . I am presently incarcerated in Eden Detention Center, in the city of Eden, Concho County, in the state of Texas, 76837.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 14th day of February, 2022.

While relator substantially complied with form of the unsworn declaration authorized by Civil Practice and Remedies Code section 132.001(e), relator's unsworn declaration had no "foregoing" items attached *before* the unsworn declaration, so the only things relator declared were true and correct under penalty of perjury were relator's name, birthdate, and information about his incarceration, not the items attached to relator's mandamus appendix and record.

The purpose of the unsworn declaration is to authenticate the items that form the mandamus record. To comply with Texas Rules of Appellate Procedure 52.3(k)(1)(A), 52.7(a)(1), and 52.7(a)(2), relator's declaration must refer not only to the section 132.001(e) information, but also refer to the following items:

(1) in the appendix to relator's petition, "any order complained of, or any other document showing the matter complained of" (Tex. R. App. P. 52.3(k)(1)(A));

(2) in the mandamus record, "every document that is material to the relator's claim for relief and that was filed in any underlying proceeding" (Tex. R. App. P. 52.7(a)(1)); and

(3) in the mandamus record, "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence" (Tex. R. App. P. 52.7(a)(2)).[1]

In short, to authenticate the items, the relator must submit a declaration that states under penalty of perjury that the items (orders, documents, transcripts, and exhibits) attached to relator's mandamus appendix and record are true and correct. This can

---

[1] If there was no relevant testimony from any underlying proceeding, including any exhibits offered in evidence, Rule 52.7(a)(2) requites "a statement that no testimony was adduced in connection with the matter complained." Tex. R. App. P. 52.7(a)(2).

be accomplished by placing the unsworn declaration after the items (therefore making the items "foregoing") or by specifically describing the items in the unsworn declaration rather than referencing the items as "foregoing."

Relator is notified that this original proceeding is subject to dismissal without further notice unless relator files with the clerk of this court no later than 45 days from the date of this order either (1) an amended petition and record that comply with Rule 52 with unsworn declarations at the end of both the amended petition and record or (2) an unsworn declaration that specifically describes and authenticates the orders, documents, transcripts, and exhibits attached to relator's previously filed mandamus appendix and record.

PER CURIAM

Panel consists of Justices Wise, Spain, and Hassan. (Wise, J., Notice is not required before dismissing a petition for writ of mandamus. *See In re Kholaif*, 624 S.W.3d 228 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding) (Frost, C.J., dissenting)).